IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 17-3403 JAP |
| ) | |
| vs. ) | |
| ) | |
| RAYLAN REANO, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, through its undersigned counsel, hereby files this response to Defendant's sentencing memorandum. Doc. 32. The United States requests that the Court accept the Rule 11 plea agreement entered into by the parties. The United States specifically advocates for a sentence at the low-end of Defendant's final calculated guideline range, which is a fair and just sentence that takes into consideration the history and characteristics of Defendant, as well as the circumstances of the case.

**FACTUAL BACKGROUND**

The Presentence Report ("PSR") accurately summarizes the offense conduct in this case. See PSR at ¶¶10-18. As summarized in the PSR, on October 23, 2016, Defendant caused the victim's death by operating a motor vehicle while under the influence of alcohol. Witness and scene evidence indicated that Defendant was driving recklessly and traveling at a high rate of speed when he lost control of the vehicle causing a single-vehicle rollover crash. Although not included in the PSR, Defendant had shockingly high BAC of .365g/100 m.L.

1

**DISCUSSION**

It is the position of the United States that the PSR accurately reflects a base offense level of 22. *Id.* at ¶26. Defendant received a three level reduction for acceptance of responsibility. *Id.* at ¶¶33-34. While the PSR calculates a criminal history category of I, *id.* at ¶43, the report also indicates that a criminal history category of II may be appropriate given Defendant's tribal criminal history, *id.* at ¶¶80-81. An adjusted offense level of 19 combined with a criminal history category I results in a sentencing guideline range of 30 to 37 months, *id.* at ¶64, while a criminal history category II would result in a sentencing guideline range of 33 to 41 months, *id.* at ¶81.

Pursuant to the parties' Rule 11 plea agreement, the parties recommend that the Court's sentence account for Defendant's tribal sentence for the same underlying conduct. Doc. 23 at ¶9(b); Doc. 32 at 5. On July 11, 2017, Defendant received a 180-day sentence in Zuni Tribal Court for vehicular homicide, stemming from the same incident currently before this Court. PSR at ¶38. The tribal court's Sentencing Order makes clear that the federal prosecution was contemplated by the tribal court in imposing sentence. In light of Defendant's 180-day tribal sentence, the parties are recommending that the Court vary six months downward from Defendant's final calculated guideline range, pursuant to United States Sentencing Guideline (USSG) § 5G1.3.

The PSR suggests that an upward departure to Defendant's criminal history category may be warranted based on underrepresentation of Defendant's criminal history. PSR at ¶¶79-81. More specifically, following the instant offense, Defendant committed three separate tribal offenses. First, on November 12, 2016, just days after the incident in the present case, Defendant was arrested after being found intoxicated and sleeping inside a vehicle. *Id.* at ¶39. Then, while

Defendant was in tribal custody, he assaulted another inmate. *Id.* at ¶40. Finally, in December 2017, Defendant was arrested following his escape from the Zuni Detention Center in Zuni, New Mexico. *Id.* at ¶41. All three incidents resulted in tribal convictions. *Id.* at ¶¶39-41. The United States is not aware of any authority, and Defendant cites none, that would prohibit the Court from considering these convictions. In fact, United States Sentencing Guideline § 4A1.2, Application Note 1, specifically allows the Court to consider a conviction for conduct that post-dates the offense, as long as the sentencing is imposed prior to sentencing on the instant offense. Therefore, Defendant's prior convictions certainly weigh in favor of upward departure to Defendant's criminal history category.

Pursuant to 18 U.S.C. § 3553(a)(1), the Court shall consider the "nature and circumstances of the offense and the history and characteristics of the defendant." In addition, pursuant to 18 U.S.C. § 3553(a)(2), the Court shall also consider:

> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Defendant's reckless conduct act took the life of a young woman in the prime of her life, leaving two young children without their mother. As the PSR correctly notes, the victim's mother has declined to provide a victim impact statement. To be clear, this decision does not stem from apathy. Quite the contrary—the victim's mother feels that engaging in this process is simply too painful following the tragic loss of her daughter. To that end, the United States appreciates Defendant's acceptance of responsibility, which will afford the victim's family closure with respect to the criminal process, without the need for a lengthy or traumatic trial.

The United States urges the Court to accept the parties' plea agreement and recommendations. The United States specifically recommends a sentence at the low-end of Defendant's final calculated guideline range, after accounting for a six-month variance for Defendant's tribal sentence. Such a sentence clearly meets the sentencing goals set forth in 18 U.S.C. § 3553(a)(2). Depending on how the Court calculates Defendant's criminal history category, the United States will recommend a sentence of 24 months incarceration (criminal history category I), or 27 months incarceration (criminal history category II). The United States notes that the parties contemplated a criminal history category I during plea negotiations; however, it appears that the time remaining on Defendant's tribal sentence (approximately 59 days), PSR at ¶82, would offset the difference if a 27-month sentence were imposed concurrently.

WHEREFORE, for the foregoing reasons, the United States requests this Court accept the plea agreement, and impose a sentence consistent with the United States' recommendations.

    Respectfully submitted,

    JOHN C. ANDERSON
    United States Attorney

    *Electronically filed on August 3, 2018*
    SARAH J. MEASE
    Assistant United States Attorney
    P.O. Box 607
    Albuquerque, New Mexico 87103
    (505) 346-7274

I HEREBY CERTIFY that the foregoing pleading was electronically filed through the CM/ECF system, which caused counsel of record for defendant to be served by electronic means.

*/s/*
SARAH J. MEASE
Assistant United States Attorney