PROB 12C - (Rev. D/NM-8/2014)                                                                                                    4319123

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NEW MEXICO

### Second Amended Petition for Revocation of Supervised Release

| | |
|---|---|
| Name of Offender: | Raylan Reano |
| Docket Number: | 1084 1:17CR03403 -001JAP |
| Assigned Judge: | Honorable James A. Parker, Senior United States District Judge |
| Date of Original Sentence: | 03/21/2019 |
| Original Offense: | 18 U.S.C. 1153: Involuntary Manslaughter |
| Original Sentence: | BOP: 24 months; TSR: 3 years |
| Date Supervision Commenced: | 01/03/2020 |
| Date Supervision Expires: | 01/02/2023 |
| Other Court Action: | 01/13/2020: A Report on Offender Under Supervision was filed advising the court the defendant admitted to using methamphetamine and Buprenorphine (Suboxone) on January 3, 2020, while still in the custody of the Bureau of Prisons, the same day he commenced his term of supervised release. As a result, his drug tests submitted on January 3, January 4, and January 7, of 2020 returned positive for those substances. No court action was ordered. |
| | 03/12/2020: A Request for Modifying the Conditions or Term of Supervision was filed requesting to add the Special Condition that the defendant reside at a Residential Reentry Center for a term of up to 6 months. This was in response to the defendant failing to comply with his substance abuse treatment plan. On March 16, 2020 the Court added the Special Condition. |
| | 03/25/2020: A Petition for Revocation of Supervised Release was filed in response to the defendant failing to follow the instructions of the probation officer and failing to reside at the residential reentry center. |
| | 04/14/2020: An Amended Petition for Revocation of Supervised Release was filed in response to the defendant failing to follow the instructions of the probation officer, failing to reside at the residential reentry center, and admitting to the use of cocaine. An Initial Appearance Hearing is scheduled for May 18, 2020. |

### PETITIONING THE COURT

To issue a warrant.

U.S. Probation Officer of the Court, Christopher M. Fiedler, alleges the offender has violated the following condition(s) of supervised release.

| *Violation Type* | *Nature of Noncompliance* |
|---|---|
| SC | You must follow the instructions of the probation officer related to the conditions of supervision. |
| | On March 23, 2020 this officer instructed the defendant to call A New Awakening Inc. by 5 p.m. to schedule his assessment appointment. On March 24, 2020, this officer confirmed with staff at A New Awakening Inc. that the defendant did not call to schedule an appointment. |
| SPC | You must reside in a residential reentry center for a term of (up to) 6 months. You must follow the rules and regulations of the center. |
| | On March 24, 2020, this officer received notification from staff at Diersen Charities Residential Reentry Center that the defendant left their facility without permission and was considered an absconder. Later that same day, the defendant contacted this officer by phone and confirmed that he decided to leave the residential reentry center and returned back to his mother's residence in Zuni, New Mexico. |
| MC | You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |
| | The defendant submitted a urinalysis drug test at Diersen Charities Residential Reentry Center on March 20, 2020. The results of that test returned positive for cocaine. On April 14, 2020, the defendant admitted to this officer to using cocaine on March 19, 2020. |
| | On April 17, 2020, a PharmChek drug testing sweat patch was applied on the defendant. On April 27, 2020, the sweat patch was removed and sent to the drug testing laboratory for analysis. On May 18, 2020, the results returned confirmed positive for Tetrahydrocannabinol (THC). |

This marks the defendant's third positive drug test for illegal controlled substances since 01/03/2020. Pursuant to 18 U.S.C. 3583 (g)(4) if the defendant tests positive for illegal controlled substances more than three times over the course of one year, supervision must be revoked, and the defendant must be sentenced to a term of imprisonment. However, sentencing provisions authorize the Court, acting in accordance with sentencing guidelines, to exempt an offender who fails a drug test, from the mandatory revocation and imprisonment provisions, pursuant to 18 U.S.C. 3563(e) and 18 U.S.C. 3583(d).

The maximum statutory penalty:  2 years imprisonment; 3 years supervised release.
The revocation range of imprisonment:  3 to 9 months.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on 05/18/2020.

| Submitted: | Approved: | ☒ Phone Approval |
|---|---|---|
| *[signature]* | | |

Christopher M. Fiedler  
U.S. Probation Officer  
Cell #: 505-934-0438

Sarah J. Mease  
Assistant U.S. Attorney  
505-224-1406

Date: 05/18/2020